Adam Carlson (State Bar No. 257795)
**CASPER, MEADOWS, SCHWARTZ & COOK**
A Professional Corporation
2121 North California Blvd., Suite 1020
Walnut Creek, California  94596
Telephone:  (925) 947-1147
Facsimile:    (925) 947-1131

Attorneys for Plaintiff
RICHARD OWEN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD OWEN,<br><br>             Plaintiff,<br><br>vs.<br><br>CITY OF PINOLE; CITY OF PINOLE POLICE OFFICER BRECKENRIDGE, individually; and DOES 1 through 40,<br><br>             Defendants. | CASE NO.:<br><br>**COMPLAINT**<br>**(Violation of Civil Rights)**<br><br>**DEMAND FOR JURY TRIAL** |

**INTRODUCTION**

1.  This is an action for money damages brought by RICHARD OWEN ("OWEN") pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth Amendment to the United States Constitution, and the common law of the State of California, against the CITY OF PINOLE, CITY OF PINOLE POLICE OFFICER BRECKENRIDGE ("Defendant BRECKENRIDGE") , and DOES 1 through 20. The actions and failures to act which this Complaint alleges were committed by Pinole Police Department personnel acting under color of law within the course and scope of their employment with the CITY OF PINOLE.

**JURISDICTION AND VENUE**

2.   The Complaint seeks remedies pursuant to Title 42, United States Code §§ 1983 and 1988.  Jurisdiction is conferred upon the United States District Court by 28 U.S.C. §§ 1331 and 1343.  This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to

---

*Owen v. City of Pinole, et al.*                                                                                                                              Page 1
COMPLAINT

28 U.S.C. § 1367(a).

3. The actions giving rise to Defendants' liability as alleged in this Complaint occurred in the City of Pinole in the County of Contra Costa, State of California. Venue is therefore proper in this District Court p to 28 U.S.C. § 1391(b), and Local Rules 3-2(c), (d).

**JURY TRIAL DEMAND**

4. Plaintiff hereby demands a jury trial in this action.

**IDENTIFICATION OF PARTIES**

5. At all times material to this Complaint, OWEN was of full age and a resident of the State of California.

6. At all times material to this Complaint, Defendant CITY OF PINOLE was a public entity, duly organized and existing under the laws of the State of California, and is a "person" under 42 U.S.C. § 1983. Defendant CITY OF PINOLE includes the Pinole Police Department ("PPD").

7. At all times material to this Complaint, PPD was supervised, controlled and staffed by Defendant CITY OF PINOLE, its officers, agents and employees. At all times material to this Complaint, the individually-named Defendants acted within the course and scope of their employment with CITY OF PINOLE, which caused the harm of which OWEN complains.

8. At all times material to this Complaint, Defendant BRECKENRIDGE was a police officer employed by PPD acting under color of law and within the course and scope of his employment with CITY OF PINOLE. Defendant BRECKENRIDGE is sued in his individual capacity.

9. OWEN is ignorant of the true names and capacities of Defendant DOES 1 through 20, and therefore sues these Defendants by such fictitious names. OWEN is informed and believes, and thereon alleges, that each DOE Defendant is responsible in some manner for the injuries and damages suffered by OWEN as described in this Complaint. OWEN will amend his Complaint to state the true names and capacities of Defendant DOES 1 through 40 when they have been ascertained. Any reference in this Complaint to "Defendant," "Defendants," or to an individually named Defendant, also refers to Defendant DOES 1

*Owen v. City of Pinole, et al.*  
COMPLAINT  
Page 2

CASPER, MEADOWS, SCHWARTZ & COOK  
2121 N. California Blvd., Suite 1020  
Walnut Creek, CA 94596  
TEL: (925) 947-1147  
FAX (925) 947-1131

1 through 20. These Defendants are sued in their official and individual capacities.

2     10. Each Defendant sued in this Complaint acted as the agent or employee of every
3 other Defendant.

## FACTS GIVING RISE TO THE COMPLAINT

5     11. On May 20, 2016, at approximately 8:53 p.m., OWEN was attempting to go to a
6 restaurant with his wife at the Pear Street Bistro at 2395 San Pablo Avenue in Pinole,
7 California. OWEN dropped his wife off out front and drove around to park in the rear of the
8 restaurant.

9     12. Defendant BRECKENRIDGE observed OWEN exiting his vehicle.

10     13. OWEN started walking towards the restaurant carrying a dessert for the dinner he
11 was set to attend when Defendant BRECKENRIDGE approached him, restricting his
12 movement.

13     14. Defendant BRECKENRIDGE commanded OWEN to set the box down, and
14 ordered him to walk towards the patrol vehicle, detaining OWEN.

15     15. OWEN complied with these commands.

16     16. Prior to detaining Defendant BRECKENRIDGE lacked any reasonable suspicion
17 to believe OWEN had engaged in criminal activity.

18     17. Defendant BRECKENRIDGE handcuffed OWEN, restricting his movement and
19 committing a de facto arrest of OWEN.

20     18. At no time prior to the handcuffing of OWEN was there any probable cause, let
21 alone reasonable suspicion, to believe OWEN had engaged in any criminal activity.

22     19. Defendant BRECKENRIDGE removed OWEN's wallet from his pants pocket.
23 Defendant BRECKENRIDGE ran OWEN's name to check for wants and warrants and
24 discovered OWEN was clear of any warrants and that he had a valid driver's license.

25     20. OWEN was released at the scene.

## DAMAGES

27     21. As a direct and proximate result of Defendants' conduct, OWEN suffered physical
28 injuries, pain, emotional distress, violations of his rights protected by, among other

**CASPER, MEADOWS,
SCHWARTZ & COOK**
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Owen v. City of Pinole, et al.*     Page 3
COMPLAINT

1  enactments, the Fourth Amendment to the United States Constitution; by Article 1, § 13 of the
2  California Constitution; and by California Civil Code §§ 52 and 52.1.

3  22.  As a proximate result of Defendants' conduct, OWEN suffered a loss of his sense
4  of security, dignity, and pride as a resident of the United States of America.

5  23.  Defendant BRECKENRIDGE's conduct was malicious, wanton, and oppressive,
6  and intended to harm OWEN.  OWEN therefore is entitled to recover exemplary damages from
7  those Defendants.

8  24.  OWEN has retained attorneys and investigators to pursue his rights as asserted in
9  this Complaint.  OWEN is entitled to an award of reasonable attorneys' fees incurred in the
10 prosecution of this action against Defendants pursuant to 42 U.S.C. § 1988.

**FIRST CLAIM FOR RELIEF**
**42 U.S.C. § 1983**
**Unlawful Detention, Unlawful Arrest, Unlawful Search, Use of Excessive Force**
**(Against Individually Named Defendants, and DOES 1 through 20)**

25. OWEN realleges and incorporates by reference paragraphs 1 through 24 as though fully set forth in this claim for relief.

26. Defendants acted under color of law in detaining, arresting, unlawfully searching, and using excessive force against OWEN, violating OWEN's rights protected by the Fourth Amendment to the United States Constitution.  As a direct and proximate result of Defendant BRECKENRIDGE's actions and omissions, OWEN was deprived of his rights and privileges under the Fourth Amendment to the United States Constitution.

27. As a proximate result of the conduct of defendants, OWEN suffered physical injuries, pain, emotional distress, medical expenses, violation of their constitutional rights, and the loss of his sense of security, dignity, and pride as residents of the United States of America.

28. Defendant BRECKENRIDGE acted in reckless and callous disregard for the constitutional rights of OWEN and with willful oppression and malice.  OWEN therefore seeks an award of punitive damages against this defendant.

29. WHEREFORE, Plaintiff OWEN seeks relief as set forth below.

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Owen v. City of Pinole, et al.*                                                                                                         Page 4
COMPLAINT

## SECOND CLAIM FOR RELIEF
### 42 U.S.C. § 1983
### Municipal Liability
### (Against DOES 21 through 40)

30. Plaintiff OWEN hereby incorporates the preceding paragraphs of this Complaint as though fully set forth.

31. Defendants DOE 21 through 40 are the policy makers for the PPD who, with de indifference to OWEN's rights, developed and maintained policies, practices or customs that caused the violations of OWEN's constitutional rights.

32. These defendants caused the violation of OWEN's constitutional rights by failing to properly train, supervise and discipline CITY OF PINOLE police officers, including the defendant officer, in the legal requirements that must be met before officers may detain people, arrest people, search people, or handcuff people under color of law.

33. As a proximate result of the conduct of defendants, OWEN suffered physical injuries, pain, emotional distress, medical expenses, violation of their constitutional rights, and the loss of their sense of security, dignity, and pride as residents of the United States of America.

34. WHEREFORE, Plaintiff OWEN seeks relief as set forth below.

## FOURTH CLAIM FOR RELIEF
### False Arrest and Illegal Imprisonment
### (Against Defendant BRECKENRIDGE)

35. Plaintiff OWEN hereby incorporates the preceding paragraphs of this Complaint as though fully set forth.

36. On May 20, 2016, Defendant BRECKENRIDGE arrested OWEN without process and prohibited Plaintiff from moving freely.

37. Defendant BRECKENRIDGE deprived OWEN of this freedom of movement by use of force, threats of force, and unreasonable duress.

38. OWEN did not consent to his false arrest and false imprisonment and was harmed thereby.

39. WHEREFORE, Plaintiff OWEN seeks relief as set forth below.

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

**FIFTH CLAIM FOR RELIEF**
**Negligence**
**(Against All Defendants)**

40. Plaintiff OWEN hereby incorporates the preceding paragraphs of this Complaint as though fully set forth.

41. On May 20, 2016, Defendants, and each of them, were negligent in doing the acts alleged in this Complaint.

42. Plaintiff was injured as a result of that negligence.

43. As a proximate result of that negligence, Plaintiff suffered damages, physical injuries and severe emotional distress.

44. Each Defendant's conduct was a substantial factor in causing the alleged damages including severe emotional distress.

45. WHEREFORE, Plaintiff OWEN seeks relief as set forth below.

**SIXTH CLAIM FOR RELIEF**
**CALIFORNIA CIVIL CODE §§ 52, 52.1**
**(Against All Defendants)**

46. Plaintiff OWEN hereby incorporates the preceding paragraphs of this Complaint as though fully set forth.

47. On May 20, 2016, Defendants, and each of them, using threats, coercion and intimidation, interfered with and threatened to interfere with OWEN's rights guaranteed by the Fourth Amendment to the United States Constitution, and Art. 1, § 13 of the California Constitution

48. The actions of these Defendants, and each of them, was a substantial factor in causing OWEN to sustain harm and the special and general damages which OWEN will establish at trial.

49. Defendant BRECKENRIDGE acted with malice and oppression. His conduct was intended to harm OWEN or was despicable, carried out with a conscious disregard of Plaintiff's rights or safety.  Defendants' conduct also subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights.  OWEN is entitled to such statutory damages and attorney's fees allowed by California Civil Code §§ 52, and 52.1(b).

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

WHEREFORE, OWEN prays for relief as follows:

1. For special damages, according to proof;
2. For general damages, according to proof;
3. For punitive damages against Defendant BRECKENRIDGE;
4. For statutory damages pursuant to California Civil Code §§ 52 and 52.1;
5. For reasonable attorney's fees pursuant to 42 U.S.C. § 1988;
6. For reasonable attorney's fees pursuant to California Civil Code §§ 52 and 52.1;
7. For prejudgment interest pursuant to Civil Code § 3288, or as otherwise permitted by law;
8. For costs of suit incurred herein; and
9. For such other and further relief as the court may deem just and proper.

Dated: October 21, 2016            /s/ - "Adam Carlson"
                                   Adam Carlson
                                   **CASPER, MEADOWS, SCHWARTZ & COOK**
                                   Attorneys for Plaintiff
                                   RICHARD OWEN

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Owen v. City of Pinole, et al.*                                                Page 7
COMPLAINT